Record No.15-

## IN THE UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

The Estate of Dora Elizabeth B. Hanna, by and
through her Personal Representative, King C.
Hanna Jr., and on behalf of a Class of Individuals
Similarly Situated.................................................................. Plaintiffs/Respondents

v.

Agape Senior, LLC; Agape Harbison, Inc.; Agape
Lexington, Inc.; Agape Assisted Living, Inc.;
Agape at Kathwood, Inc.; Carolinas Community
Hospice, Inc.; Agape Senior Primary Care, Inc.;
Agape Management Service, Inc.; Agape West
Columbia; Agape Senior Conway; Scott Middleton
and his agents, assigns and representatives;
Jackson and Coker Locum Tenens, LLC d/b/a
Jackson and Coker .................................................................... Defendants

Agape Harbison, Inc.; Agape Lexington, Inc.,
Agape Assisted Living, Inc.; Agape at Kathwood,
Inc.; Carolinas Community Hospice, Inc.; Agape
Senior Primary Care, Inc.; Agape Management
Service, Inc.; Agape West Columbia; Agape
Senior Conway; Scott Middleton.......................... Third –Party Plaintiffs/Petitioners

v.

Ernest Addo............................................................................. Third-Party Defendant.

OF WHOM

Agape Senior Primary Care, Inc., Agape Harbison,
Inc.; Agape Lexington, Inc., Agape Assisted
Living, Inc.; Agape at Kathwood, Inc.; Carolinas
Community Hospice, Inc.; Agape Senior Primary
Care, Inc.; Agape Management Service, Inc.;
Agape West Columbia; Agape Senior Conway,
and Scott Middleton are ......................................................... Defendants/Petitioners

—————————————————

AGAPE SENIOR PRIMARY CARE, INC., AGAPE HARBISON, INC.; AGAPE
LEXINGTON, INC., AGAPE ASSISTED LIVING, INC.; AGAPE AT
KATHWOOD, INC.; CAROLINAS COMMUNITY HOSPICE, INC.; AGAPE
SENIOR PRIMARY CARE, INC.; AGAPE MANAGEMENT SERVICE, INC.;
AGAPE WEST COLUMBIA; AGAPE SENIOR CONWAY, AND SCOTT
MIDDLETON'S PETITION FOR REVIEW
PURSUANT TO 28 U.S.C. § 1453(c)

—————————————————

From the January 20, 2015 Order of the United States District Court for the District
of South Carolina, Columbia Division in Case No. 3:12-CV-02872-JFA
(ANDERSON, J.)

—————————————————

Pursuant to 28 USC § 1453(c) and Rule 5, FRAP, Defendants Agape Senior

Primary Care, Inc., incorrectly identified as Agape Senior, LLC, Agape Harbison,

Inc.; Agape Lexington, Inc., Agape Assisted Living, Inc.; Agape at Kathwood,

Inc.; Carolinas Community Hospice, Inc.; Agape Senior Primary Care, Inc.; Agape

2

Management Service, Inc.; Agape West Columbia; Agape Senior Conway, and Scott Middleton (collectively "Petitioners") hereby file this Petition for Review of the Order of the South Carolina District Court remanding this case to the Court of Common Pleas for Richland County, South Carolina. (hereinafter "Remand Order") (D.S.C. Docket Entry 129, Attached as Ex. A).

## INTRODUCTION

Plaintiff's Complaint alleges that a foreign citizen and Georgia resident (Ernest Addo), impersonating a licensed physician, obtained credentials from a Georgia company (Jackson & Coker Locum Tenens, LLC), and unlawfully practiced medicine in South Carolina. The putative class action was originally filed in the Richland County Court of Common Pleas and timely removed to the United States District Court, District of South Carolina, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The District Court correctly found that at the time of the Notice of Removal, this case met CAFA's minimal diversity[1] and $5 million amount-in-controversy requirements. (*See* D.S.C. Docket

---

[1] Plaintiff's Complaint alleges Defendant Jackson & Coker Locum Tenens, LLC was incorporated in the State of Georgia. (D.S.C. Docket Entry 1-1 ¶ 12.) Jackson & Coker admitted this allegation in its Answer. (D.S.C. Docket Entry 16 ¶ 13.)

3

Entry 129 at 4.)  Additionally, the District Court correctly found that the recent dismissal of diverse defendant Jackson & Coker, (D.S.C. Docket Entry 120), did not destroy the District Court's jurisdiction pursuant to CAFA because post-removal events do not oust CAFA jurisdiction.  However, the District Court erred in its application of CAFA's so-called "local controversy exception" to this case, most notably in its failure to undertake a substantive comparison of the conduct of the local defendants versus the conduct of the non-local defendants.  Petitioners submit that the Plaintiff did not meet its burden to establish the applicability of the local controversy exception and the District Court did not properly account for the prominent roles of a foreign citizen and a Georgia corporate citizen in this controversy.  Accordingly, Petitioners respectfully request that this Court grant it permission to appeal the Remand Order of the District Court pursuant to 28 U.S.C. § 1453.  Petitioners further submit that this request is particularly appropriate in light of the state of Fourth Circuit precedent concerning the application of the local controversy exception to CAFA.

## **AUTHORIZATION FOR PETITION**

Pursuant to CAFA,

Section 1447 shall apply to any removal of a case under this section,

4

except that notwithstanding section 1447 (d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order.

28 U.S.C. 1453(c)(1).

## ISSUE FOR APPEAL

Did the District Court err in remanding the action pursuant to CAFA's local controversy exception where the District Court did not undertake a substantive comparison of the conduct of local defendants and non-local defendants and did not consider the acts of necessary party Addo in its analysis.

## STATEMENT OF RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff's Complaint alleges that Dora Hanna was a patient at an Agape facility and received medical treatment from an individual, Ernest Addo, who was not licensed to practice medicine in the United States.  (D.S.C. Docket Entry 1-1.) The Complaint further alleges that Addo was an "imposter" who originally gained employment with Agape as a physician as a result of Jackson & Coker's negligence in its credentialing review and background checks of Addo.  (D.S.C.

5

Docket Entry 1-1 ¶ 18.)   The Complaint alleges that Jackson & Coker was negligent in numerous specific respects, including, *inter alia*, "by failing to conduct a thorough in-person interview", "by failing to match his facial image with that of the real Dr. Arthur Kennedy", and "in failing to conduct any testing of his medical knowledge".  (D.S.C. Docket Entry 1-1 ¶ 18.)  As to Petitioners generally, the Complaint alleges that they should have discovered Addo's true identity and asserts causes of action styled negligent hiring, negligence per se, negligent retention, negligent supervision, negligent entrustment, strict liability, vicarious liability, and unjust enrichment.  The Complaint alleges causation and damages in generic terms generally applicable to the entire putative class, which is defined as "All those patients of any Agape facility who received medical treatment of any form from the individual whose true name is Ernest Addo."  (*See* D.S.C. Docket Entry 1-1 ¶¶ 4, 49-50)

Plaintiff's action was filed and served on some Petitioners on September 4, 2012.  Following removal of the case to the United States District Court on October 4, 2012, (D.S.C. Docket Entry 1), the District Court entered multiple stays of the action at the request of the parties while related litigation was pending.  (*See* Remand Order, D.S.C. Docket Entry 129 at 2.)    Following the lifting of the stay

6

on November 5, 2014, (D.S.C. Docket Entry 103), Petitioners timely answered, asserted a Third-Party Complaint against Ernest Addo, and moved to dismiss the Amended Complaint in its entirety.  (D.S.C. Docket Entries 108, 109, 110, 111.) Plaintiff filed its Motion to Remand on December 3, 2014.  (D.S.C. Docket Entry 113).  Subsequently, Plaintiff sought and obtained dismissal of Jackson & Coker, (D.S.C Docket Entries 119, 120), and Petitioners collectively moved to realign Ernest Addo to a named Defendant on the ground that he was a necessary party pursuant to Rule 19, FRCP.  (D.S.C Docket Entry 123.)

## LEGAL ANALYSIS AND ARGUMENT

### I.      THRESHOLD REQUIREMENTS OF CAFA AND BURDEN OF PROOF FOR THE "LOCAL CONTROVERSY" EXCEPTION.

Pursuant to 28 U.S.C. § 1332(d)(2), "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action[2] in

---

[2] CAFA defines "class action" to mean "any civil action filed under rule 23 of the Federal Rules of Civil procedure *or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.*" 28 U.S.C. § 1332(d)(1)(B) (emphasis added).   The original Complaint was filed pursuant to South Carolina Rule of Civil Procedure 23, which

7

which (A) any member of a class of plaintiffs is a citizen of a State different from any defendant; . . . ." 28 U.S.C. § 1332(d)(2). *See also Dart v. Owens*, 574 U.S. ____ (2014) (slip op., at 7) ("CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'") (quoting S. Rep. No.109–14, p. 43 (2005)).

Here, the District Court correctly stated, "In the case currently before the Court, there does not appear to be any dispute between the parties regarding CAFA's basic jurisdictional requirements." (Remand Order, D.S.C. Docket Entry 129 at 4.) Thus, the dispositive jurisdictional issue before the District Court was whether this case satisfied the "local controversy" exception to diversity jurisdiction under CAFA, 28 U.S.C. § 1332(d)(4)(A).

28 U.S.C. 1332(d)(4) provides as follows:

(4) A district court shall decline to exercise jurisdiction under paragraph (2)--
 (A) (i) over a class action in which—

(I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

(II) at least 1 defendant is a defendant—

---

satisfies the "similarity" requirement. *See Carter v. Allstate Ins. Co.*, 2012 U.S. Dist. LEXIS 117288 * 17 n.2 (N.D. W. Va. Aug. 21, 2012).

          (aa) from whom significant relief is sought by members of the plaintiff class;
          (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; **and**
          (cc) who is a citizen of the State in which the action was originally filed; **and**

        (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; **and**

        (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons;

28 USCS § 1332(d)(4)(A) (emphasis added).  As noted by the emphasized text, the statute makes clear that all requirements of the local controversy exception must be satisfied in order for it to apply.

In its general discussion of the local controversy exception, the District Court properly emphasized that the local controversy exception is a narrow exception that is designed to "permit class actions with a truly local focus to remain in state court."  (Remand Order, D.S.C. Docket Entry 129 at 5)(citing and quoting S. Rep. No. 109–14, at 38 (2005)(stating that a federal court should apply this exception to a case identified as "**a truly local controversy -- a controversy that uniquely affects a particular locality to the exclusion of all**

**others**")(emphasis added). *See also Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.*, 768 F.3d 425, 428-429 (5th Cir. 2014)(quoting S. Rep. 109-14, at 26 (2005) ("[T]he Judiciary Committee described the local controversy exception as 'a narrow exception that was carefully drafted to ensure that it does not become a jurisdictional loophole.'"); 16-107 MOORE'S FEDERAL PRAC. – CIVIL § 107.15(E)(noting the local controversy exception "is to be construed narrowly, with all doubts resolved in favor of the federal court's exercising jurisdiction").

The District Court further correctly noted that the burden was on the Plaintiff to establish that each element of the local controversy exception was satisfied. (Remand Order, D.S.C. 129 at 3)(citing *Eakins v. Pella Corp.*, 455 F. Supp. 2d 450, 452 (E.D.N.C. 2006) (holding that "the plaintiff bears the burden of proving that the local controversy exception warrants remand to state court"). *See also Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 153 (3d Cir. 2009) ("[O]ther courts of appeals have uniformly concluded that once CAFA jurisdiction has been established, the burden shifts to the party objecting to federal jurisdiction to show that the local controversy exception should apply."). However, as will be developed below, the District Court erred in finding that Plaintiff met its burden in this case.

10

**II.   THE DISTRICT COURT CORRECTLY HELD THAT POST-REMOVAL EVENTS SHOULD NOT BE CONSIDERED IN ITS JURISDICTIONAL ANALYSIS, BUT ERRED IN DECLINING TO CONSIDER ADDO AS A DEFENDANT.**

With respect to determining the existence of federal jurisdiction, it is well-established that jurisdictional facts are determined at the time of removal, and consequently post-removal events do not affect properly established jurisdiction. *Grupo Dataflux v. Atlas Global Grp.*, L.P., 541 U.S. 567, 569-70 (2004). *See also Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam) ("We have consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events.")

This rule was recently applied by the Fifth Circuit in the specific context of a change in the parties to a class action following removal to federal court under CAFA. *Cedar Lodge Plantation, L.L.C. v. CSHV Fairway View I, L.L.C.,* 768 F.3d 425 (5th Cir. 2014). In *Cedar Lodge*, plaintiff purported to represent a class of residents of an apartment complex and filed a class action complaint against the entities that owned and managed the complex for exposure to underground sewage leaks. 768 F.3d at 425-426. The defendant entities removed the case to federal court pursuant to CAFA. *Id.* Plaintiff then amended the complaint to add a non-

11

diverse entity, Sewer Treatment Specialists ("STS"), and moved to remand the case arguing the "local controversy" exception to CAFA jurisdiction applied because STS was a "significant local defendant". *Id.*

> The Fifth Circuit characterized the plaintiff's position as follows:
>
> Here, [Plaintiff] added a defendant post-removal and relies on CAFA's local controversy exception, whereby the district court "shall decline to exercise jurisdiction" over a class action that meets the exception's requirements. 28 U.S.C. § 1332(d)(4)(emphasis added). [Plaintiff] maintains that this declination must occur whenever, during the litigation and assuming no purposeful forum manipulation, the class action falls within the parameters laid out by the exception.

768 F.3d at 427-428.

The Fifth Circuit soundly rejected plaintiff's position. Applying principles of statutory interpretation to the local controversy exception, 28 U.S.C. § 1332(d)(4)(A)(i), the court held, "when Congress provided that district courts are to decline to entertain jurisdiction over 'class actions,' it meant that the courts are to look at the action when it is filed in order to determine whether the conditions for abstention are present." *Id.* at 428. In arriving at this holding, the court referenced its prior decision in *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633 (5th Cir. 2014), and specifically that decision's finding that "[f]ive other appellate courts have considered whether post-removal actions defeat CAFA

jurisdiction and have unanimously ruled that they do not." *Id.* (citing *Louisiana v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d at 639).[3]

Finally, the court summarized its reasoning as follows:

> In sum, the language, structure, and history of CAFA all "demonstrate that Congress contemplated broad federal court jurisdiction with only narrow exceptions." *Evans v. Walter Indus.*, 449 F.3d 1159, 1164 (11th Cir. 2006)(citation omitted). Allowing Cedar Lodge to avoid federal jurisdiction through a post-removal amendment would turn the policy underlying CAFA on its head.

*Id.* at 428-429.

The District Court here properly held that "post-removal events cannot serve to strip the federal court of otherwise proper jurisdiction", (Remand Order, D.S.C. Docket Entry 129 at 3), and therefore that Plaintiff's dismissal of Jackson & Coker did not impact its jurisdictional analysis.  However, the District Court erred  by disregarding Addo, another diverse defendant,[4] in determining whether jurisdiction was proper at the time of removal.  (*See* Remand Order, D.S.C. Docket Entry 129

---

[3] The five referenced cases are as follows: *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009); *United Steel Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010); *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010); *Buetow v. A.L.S. Enters., Inc.*, 650 F.3d 1178, 1182 n.2 (8th Cir. 2011); *Metz v. Unizan Bank*, 649 F.3d 492, 500 (6th Cir. 2011). *But see Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 155 (3d Cir. 2009).
[4] Petitioners alleged, and Plaintiff did not dispute, that Ernest Addo is a citizen of a foreign state. *See* 28 U.S.C. 1332(d)(2)(C).

at 12.) After filing a third-party complaint against Addo, Petitioners filed a Motion to Realign Addo on the grounds that Addo was a "necessary" party pursuant to Rule 19, FRCP. (D.S.C Docket Entry 123)(Attached as Ex. B). Notably, Plaintiff did not oppose this motion before the District Court.

Although Addo was not named as a Defendant in the original Complaint, Petitioners' Motion to Realign Addo should not be interpreted as a post-removal event similar to Jackson & Coker's dismissal. The unopposed Motion to Realign Addo made clear that the basis for "realignment" is that Addo is a "necessary" party to this action pursuant to Rule 19, FRCP. (D.S.C. Docket Entry 123.) Addo's status as a necessary party is not the result of any post-removal development or event. Rather, his status as a necessary party is based solely on the allegations of the Complaint. (*See* D.S.C. Docket Entry 123.)

Both realignment doctrine and joinder pursuant to Rule 19, FRCP, are routinely analyzed in the context of a court's threshold jurisdictional inquiry. *E.g., United States Fidelity & Guar. Co. v. A & S Mfg. Co.*, 48 F.3d 131 (4th Cir. 1995)("This identity of citizenship after realignment destroyed complete diversity, and the district court dismissed the action for lack of jurisdiction.") Indeed, Rule 19 specifically requires an accompanying jurisdictional analysis. *See* Rule

14

19(a)(1), FRCP ("A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if . . . .")

Because Petitioners' unopposed Motion to Realign Addo was premised on satisfaction of Rule 19(a), and was <u>not</u> premised on any post-removal event, the District Court should have considered that motion in concert with Plaintiff's Motion to Remand, and treated Addo as a Defendant in assessing Plaintiff's challenge to its jurisdiction under CAFA.   The District Court's failure to do so contributed to its erroneous application of the local controversy exception.

## III.   PLAINTIFF DID NOT CARRY ITS BURDEN OF SATISFYING THE "SIGNIFICANT BASIS" ELEMENT OF THE LOCAL CONTROVERSY EXCEPTION.

In order to prevail on its Motion to Remand, Plaintiff had to carry its burden to demonstrate that "significant relief" was sought from Petitioners **and** that Petitioners' alleged conduct formed a "significant basis" for the claims asserted. Plaintiff failed to show that the alleged conduct of Petitioners formed a "significant basis" for the claims asserted and the District Court erred in finding Plaintiff met its burden.

15

The District Court began its analysis by noting that the terms "significant relief" and "significant basis" under CAFA "have not been thoroughly defined by the Fourth Circuit".  (Remand Order, D.S.C. Docket Entry 129 at 6.)  *See Carter v. Allstate Ins. Co.*, 2012 U.S. Dist. LEXIS 117288 * 26 (N.D. W. Va. Aug. 21, 2012) ("The term 'significant basis' has yet to be interpreted by the Fourth Circuit."). The *Carter* court cited to the Third Circuit case *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 155 (3d Cir. 2009), for the proposition that "this component of the local controversy exception requires that there be 'at least one local defendant whose alleged conduct forms a significant basis for all the claims asserted in the action.'"  *Carter*, 2012 U.S. Dist. LEXIS 117288 at * 26 (quoting *Kaufman*, 561 F.3d at 155).  *Kaufman* further elaborated on the "significant basis" requirement as follows:

> In relating the local defendant's alleged conduct to all the claims asserted in the action, the significant basis provision effectively calls for comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants. Indeed, all the claims asserted by the Plaintiffs reflect the alleged conduct of all the Defendants. If the local defendant's alleged conduct is a significant part of the alleged conduct of all the Defendants, then the significant basis provision is satisfied. **Whether this condition is met requires a substantive analysis comparing the local defendant's alleged conduct to the alleged conduct of all the Defendants**.

*Kaufman*, 561 F.3d at 156 (emphasis added). The Court in *Kaufman* went on to "reject the assumption that the local defendant's conduct is significant as long as it is 'more than trivial or of no importance' . . ." and held that "[w]hether the local defendant's alleged conduct is significant cannot be decided without comparing it to the alleged conduct of all the Defendants." *Id.* at 157(emphasis added). *See also Evans v. Walter Indus.*, 449 F.3d 1159, 1167 (11th Cir. 2006)(noting that merely because plaintiff sought relief from local defendant U.S. Pipe "does not convert the conduct of others into conduct of U.S. Pipe so as to also satisfy the 'significant basis' requirement.")

Although the District Court agreed with Petitioner's citation to *Kaufman* for the proposition that the local defendants' conduct must be compared to the conduct of all defendants, the District Court did not perform a substantive analysis of the alleged *conduct* of Petitioners in relation to diverse parties Jackson & Coker and Addo. A close reading of the Complaint reveals that the factual allegations against Jackson & Coker are significantly more developed than the factual allegations against Petitioners.[5] As to Jackson & Coker, it was alleged that it held

---

[5] Petitioners do not admit any of Plaintiff's factual allegations discussed herein, including those directed toward Jackson & Coker. However, since the Complaint controls the "significant basis" inquiry (and nothing else has been offered by

17

itself out as having the "highest standards of quality in credentials review" and that it is in the business of "making sure that licenses and certifications are current and valid." (D.S.C. Docket Entry 1-1 ¶¶ 8, 17.) The Complaint alleges that Jackson & Coker was negligent in numerous specific respects, including, *inter alia*, "by failing to conduct a thorough in-person interview", "by failing to match his facial image with that of the real Dr. Arthur Kennedy", and "in failing to conduct any testing of his medical knowledge". (D.S.C. Docket Entry 1-1 ¶ 18.) Conversely, as to Petitioners, the allegations of wrongdoing are mostly generic and unspecific – in essence, because your employee or agent turned out to be an imposter, you were negligent in his hiring/retention/supervision.[6] In fact, the most specific allegation directed toward any of Petitioners – that Agape Senior Primary Care, Inc. failed to obtain fingerprints from Addo and compare them to the fingerprints of Dr. Kennedy allegedly on file at the South Carolina Board of Medical Examiners – is also directed toward Jackson & Coker. (*Compare* D.S.C. Docket Entry 1-1 ¶ 18 and ¶ 23.)

 At its core, this action is about the legal liability for damages allegedly

---

Plaintiff), Petitioners will refer to the allegations of the Complaint in support of federal jurisdiction.

[6] Some examples of these allegations are failure to perform medical proficiency reviews, follow-up on complaints, and reasonably oversee/supervise Addo.

resulting from a non-physician impersonating a physician and providing medical treatment to residents and/or patients.   In terms of comparing conduct that forms the basis for the claims, the options are the conduct of

(1) the imposter himself;

(2) the entity that allegedly approved the imposter's credentials and placed him "into the system";

(3) an entity (one of many) that hired the imposter; and

(4) the facilities at which the imposter came into contact with residents or patients.

In this scenario, it is not at all clear how the conduct of the entity that hired the imposter (or that of its CEO) forms a "significant basis" of the claims asserted. Nor is it clear how the facilities at which the imposter saw residents or patients could form a "significant basis" of the claims asserted.  The Complaint does not elucidate how this is the case and, in fact, supports the opposite view.  The Complaint centers on the primary, active actions of the imposter, Ernest Addo. Further, the allegations against Jackson & Coker are substantially more specific and developed when compared to the allegations against Petitioners.   It was Plaintiff's burden to establish each element of the local controversy exception.  As to the "conduct" prong at issue, Plaintiff's Motion to Remand merely states,

19

"<u>Without diminishing the role that Defendant Jackson & Coker</u> played in the

actions which resulted in the death of Mrs. Hanna and the injury to over 500

others, the Plaintiff asserts that the conduct Defendants Agape and Middleton

[listing causes of action] forms a very significant basis for the claims asserted."

(D.S.C. Docket Entry 113-1 at 7)(emphasis added).  Plaintiff cannot satisfy its

burden by merely listing causes of action and parroting the language of the statute.

Therefore, the Plaintiff failed to carry its burden of showing that the conduct of the

local Defendants (Petitioners herein) formed a "significant basis" for the claims

asserted.  Although the District Court purported to undertake a comparative

analysis pursuant to factors identified in *Kaufman*, the Remand Order lacked a

substantive analysis of the alleged conduct of Petitioners in relation to Jackson &

Coker and Addo.  Accordingly, the District Court erred in remanding the action

pursuant to CAFA's local controversy exception.


## **CONCLUSION**

Petitioners submit that federal jurisdiction is proper pursuant to CAFA, 28

USC 1332(d), and that none of the exceptions to CAFA jurisdiction apply.  In light

of the state of authority from this Court concerning interpretation of the term

"significant basis" under the local controversy exception and the alleged errors of

the District Court in applying this exception to the case at hand, Petitioners

respectfully request that this Court review and reverse the Remand Order of the

District Court.

January 30, 2015.

Respectfully submitted,

**TURNER, PADGET, GRAHAM & LANEY**

s/Joshua D. Shaw
R. Gerald Chambers (Fed. ID No.: 7025)
Joshua D. Shaw (Fed. ID No.:10529)
1901 Main St., 17th Floor
P. O. Box 1473
Columbia, South Carolina 29202
Telephone: (803) 254-2200
E-mail:  gchambers@turnerpadget.com
E-mail:  jshaw@turnerpadget.com

ATTORNEYS FOR DEFENDANTS AGAPE
SENIOR, LLC, AGAPE SENIOR PRIMARY
CARE, INC. AND SCOTT MIDDLETON

**ROGERS LEWIS JACKSON MANN & QUINN**

s/Shaun C. Blake
Shaun C. Blake (Fed. ID No.: 10358)
1330 Lady Street, Suite 400
Columbia, SC 29201
Telephone: (803)256-1268
E-mail: sblake@rogerslewis.com

ATTORNEYS FOR DEFENDANT
SCOTT MIDDLETON


**HALL BOOTH SMITH, P.C.**

s/Jack G. Gresh
Jack G. Gresh, Esq. (Fed. Id. No. 10559)
40 Calhoun Street, Suite 550
Charleston, SC 29401
Phone:    843.720.3460
Fax:        843.720.3475
Email: jgresh@hallboothsmith.com

ATTORNEYS FOR DEFENDANTS AGAPE
HARBISON, INC., AGAPE LEXINGTON,
INC., AGAPE ASSISTED LIVING, INC.,
AGAPE AT KATHWOOD, INC.,
CAROLINAS COMMUNITY HOSPICE, INC.,
AGAPE MANAGEMENT SERVICE, INC.,
AGAPE WEST COLUMBIA, AND AGAPE
SENIOR CONWAY